ADMINISTRATOR OF EZRA OWEN *vs.* ADMINISTRATORS OF MARY OWEN.

A testator devised as follows, *viz.* "Item. I give and bequeath to my beloved wife the use and benefit of my home farm on which I now live as long as she remains my widow. At her marriage or decease, I will that the aforesaid farm be sold at one or two years' credit. Item. I give and bequeath also to my beloved wife Mary five hundred dollars of the money arising out of the sale of said farm." By a subsequent clause, the testator gave as follows: "Item. I give and bequeath to my beloved wife Mary one hundred dollars out of the personal estate."

*Held*, that the bequest of five hundred dollars to the wife was vested at death of testator, and at her death passed to her personal representatives.

---

*Vanatta*, for complainant.

*Dalrymple* and *Little*, for defendants.

THE CHANCELLOR. · Ezra Owen, by his will, gave and devised as follows:

"Item. I give and bequeath to my beloved wife the use and benefit of my home farm on which I now live as long as she remains my widow. At her marriage or decease, I will that the aforesaid farm be sold at one or two years' credit. Item. I give and bequeath also to my be-

Owen *v.* Owen.

loved wife Mary five hundred dollars of the money arising out of the sale of said farm." By a subsequent clause, the testator gives as follows: "Item. I give and bequeath to my beloved wife Mary one hundred dollars out of my personal estate."

The widow died intestate, having never married again. The legacy of $500 bequeathed to her out of the money arising from the sale of the farm is now claimed by her administrators as a vested legacy. This claim is resisted by other legatees under the will on the ground that the legacy is contingent. The case does not come within the operation of the numerous authorities to be found in the books on the subject of vested and contingent legacies. Those authorities very generally, if not universally, apply to cases where the bequest depends upon some future contingency. And the real question in such cases is, whether the language of the will imports a present gift, to be paid upon the happening of the contingency, or whether the gift itself depends upon the contingency, as where a legacy is given to a man when he attains the age of twenty-one years, or to be paid at twenty-one. If the language imports a present gift, the contingency attaches only to the time of payment, and the legacy is vested. If, on the other hand, the gift itself, and not the enjoyment only, is made to depend upon the happening of the contingency, the legacy is contingent and fails upon the death of the legatee before the happening of the contingency. So where, as in this case and as in many of the reported cases, land is given to a widow for life, and on her death is directed to be sold, and out of the proceeds of the sale legacies are given to third parties, and the legatees die before the tenant for life, the question necessarily arises whether it was a present gift to be received in future, or whether the contingency was a condition of the gift itself. In all such cases the gift may depend upon the happening of the contingency in the lifetime of the tenant for life, and to such cases the well settled rules of

construction apply. Now it is obvious that there is no room for the application of these rules of construction to the present case. Here the land is given to the widow for life; on her death the land is to be sold, and her legacy paid out of the proceeds. The death of the legatee is the event upon which the land is to be sold and the legacy paid. If the legacy ever vests, it must vest immediately upon the death of the testator. There is no future contingency upon which it can by possibility vest, for the legatee, of necessity, must die before the contingency happens. If a legacy at all, it is a vested legacy.

The real question in the case would seem to be, whether the testator intended to give the legacy of $500 to the widow except in the event of her marriage. If we were at liberty to substitute conjecture for construction it might be suggested as very probable that the real object in the mind of the testator in giving the legacy was to make provision for the wife upon her marriage in lieu of the use of the farm, which was then to be sold. That his real intention would have been expressed by a bequest as follows: "I give to my wife Mary *in the event of her marriage* $500 of the moneys arising out of the sale of said farm." But we are not at liberty to arrive at the testator's meaning by conjecture, much less to supply it by interpolation.

If the legacy had been given upon the event of her *marriage alone* it would have been clearly contingent. The gift would not have vested except in the event of her marriage. But the legacy is given upon the event of her marriage *or death:* as to the latter, as has been said, there can be no contingency. The only mode in which effect can be given to the provision of the will is to hold that the legacy to the widow is a gift in *presenti*, to be paid upon the sale of the farm, either at the marriage or death of the widow.

The language of the will accords with this conclusion. The terms of the bequest import a present gift. The same terms are employed in the gift of the legacy of

$500 as are used in giving to the widow the use of the land and the legacy of $100 out of the personal estate. The land is to be sold at the death or marriage of the widow, but the gift is immediate.

The legacy to the widow is vested. Her administrators are entitled to receive it.